**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JANUARY SESSION, 1997**

**FILED**

July 23, 1997

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9601-CR-00013** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **SUMNER COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JANE WHEATCRAFT** |
| **JOHN L. GOODWIN, III,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing & Habeas Corpus) |

**ON APPEAL FROM THE JUDGMENTS OF THE
CRIMINAL COURT OF SUMNER COUNTY**

<u>FOR THE APPELLANT</u>:

JOHN L. GOODWIN, III.
Pro Se - Habeas Corpus

JOHN R. PHILLIPS, JR.
Attorney - Sentencing
117 East Main Street
Gallatin, TN 37066

<u>FOR THE APPELLEE</u>:

JOHN KNOX WALKUP
Attorney General and Reporter

KATHY MORANTE
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

LAWRENCE RAY WHITLEY
District Attorney General

DEE GAY
Assistant District Attorney General
113 West Main Street
Gallatin, TN 37066

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure. The Defendant appeals both his sentence and the trial court's denial of his petition for writ of habeas corpus. These separate appeals were consolidated by the trial court and filed with one appellate record. The Defendant raises the following issues regarding his sentence: (1) That the trial court erred in classifying the Defendant as a Range II offender; (2) that the trial court improperly sentenced him to consecutive terms for his two convictions; (3) that the trial court misapplied sentence enhancement factors; and (4) that the trial court erred by imposing a longer sentence upon remand. The Defendant also raises the following issues pro-se regarding his petition for habeas corpus: (1) That the trial court was biased against the Defendant; (2) that the trial court erred by refusing to correct perjured testimony and that his due process rights were violated by the State's failure to produce exculpatory evidence; and (3) that the trial court erred by denying his petition when the attorneys involved in his case had formed a conspiracy to deprive the Defendant of his liberty. We affirm the judgments of the trial court.

The Defendant was convicted by a Sumner County jury on December 12, 1989, of second-degree burglary and assault with intent to commit rape.[1] He was sentenced to eight years on each count, to be served consecutively. The Defendant initially waived an appeal, but filed a post-conviction petition and was

---

[1] The Defendant was charged with offenses enumerated in the criminal code under the Criminal Sentencing Reform Act of 1982; for second-degree burglary, Tenn. Code Ann. § 39-3-403, and for assault with intent to commit rape, Tenn. Code Ann. § 39-2-608(a).

granted a delayed appeal to this Court. State v. Goodwin, 909 S.W.2d 35 (Tenn. Crim. App. 1995). His convictions were affirmed, but the case was remanded for resentencing because the record did not reflect that the trial court considered both the 1982 and 1989 sentencing acts in consideration of the ex post facto provisions of the United States and Tennessee constitutions. Id. at 45. We also remanded for the trial court to place on the record its consideration of enhancement factors as well as its decision to impose consecutive sentences. Id. at 45-46. On remand, the trial court sentenced the Defendant under the 1982 act as an especially aggravated offender to consecutive nine-year sentences for the burglary and the attempted rape. The Defendant now appeals his sentences imposed upon resentencing.

Prior to the hearing for resentencing, the Defendant submitted a petition for habeas corpus relief. At the resentencing hearing on August 22, 1995, the trial court denied the petition without a hearing. The Defendant filed an appeal to this Court. Although represented by counsel on the sentencing issues, the Defendant presents this appeal, on his habeas corpus petition, pro-se.

We first address the Defendant's petition for habeas corpus relief. He alleges that relief is proper based on the following arguments. First, he contends that the trial court failed to grant a hearing on his petition for habeas corpus because the trial judge, as well as the Sumner County government, was biased against him because he had sued the government in a civil matter and because he sent letters to the jurors who had presided at his trial. Next, he argues that the State failed to provide him with potentially exculpatory evidence contained in statements made by the victim in this case, therefore depriving him of his

-3-

constitutional right to cross-examine the witnesses against him.  Third, he contends that the prosecutors, the public defender, and his private attorney conspired against him, resulting in what appears to be a claim of ineffective assistance of counsel.  The trial court denied the petition, finding that it was rendered moot after the Defendant was resentenced.  We agree that the petition was properly denied, but for a different reason.

Habeas corpus relief is available only when it appears on the face of the judgment that a conviction is void or when the petitioner's term of imprisonment has expired.  Tenn. Code Ann. § 29-21-101;  State v. Archer, 851 S.W.2d 157, 164 (Tenn. 1993).  It is well settled that where a judgment is not void, but is merely voidable, such judgment may not be collaterally attacked in a suit for habeas corpus relief. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); Archer, 851 S.W.2d at 163.  In the present case, the petitioner has not alleged that he is being held upon an expired sentence or that the judgment against him is void, and thus, the we affirm the trial court's dismissal of the petition.

We note that the trial court could have treated the habeas corpus petition as a post-conviction relief petition,  Tenn. Code  Ann. § 40-30-205 (c), however, any petition for post-conviction relief would be premature, considering that the Defendant has not exhausted his appeals. See Tenn. Code Ann. § 40-30-202(a). Therefore, the trial court's dismissal of the petition without considering it as one for post-conviction relief was entirely proper.

We now turn to the issues regarding the Defendant's resentencing. When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a <u>de novo</u> review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; <u>see</u> <u>State v. Smith</u>, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

As an initial matter, we will briefly recount the facts in the case <u>sub judice</u> as described in the opinion on the Defendant's first appeal and will discuss additional other facts when relevant to the issues in this appeal.

> On August 3, 1989, the victim returned from work to her home, in Hendersonville, Tennessee, between 3:30 and 4:00 in the afternoon. She went back to her bedroom to lie down. While she was lying down, she heard a door slam. Thinking it was her daughter or husband, whom she was expecting, the victim got up to see who it was. Upon opening the door to her bedroom, she saw the Defendant standing in her hallway. She told him to get out of her house, but he grabbed her by the arms and pushed her into the adjacent guest bedroom. The victim stated at trial that the Defendant repeated, "You know you want it," several times. The victim attempted to fight the Defendant off. He pushed her onto the bed, ripped her blouse, tore her bra and pulled off her pantyhose.
>
> As the victim and Defendant were fighting, they heard her husband's truck in the driveway. The Defendant got up and attempted to leave the house, but the victim's husband grabbed him as he was trying to walk out the door. The victim called the police, and the victim's husband got the Defendant's name and license plate number to "buy some time" until the police could get there. When the victim's husband thought the police should almost be at the house, he let the Defendant go. An officer arrived, radioed the license plate number to a back-up officer and the back-up officer picked up the Defendant.

<u>State v. Goodwin</u>, 909 S.W.2d 35, 38 (Tenn.Crim.App. 1995).

The Defendant asserts that the trial court erred by determining that he was a Range II offender. This issue is intertwined with the determination of which sentencing act to follow in sentencing the Defendant. We articulated this problem in his first appeal:

> The Defendant committed the crime in August of 1989. He was convicted in December of 1989. He was sentenced February 8, 1990, under the 1989 Sentencing Act as a Range II offender to eight years on both counts to run consecutively to each other for an effective sentence of sixteen years. The 1989 Sentencing Act went into effect November 1, 1989. The trial court was able to sentence the Defendant under the

new sentencing act because, Tennessee Code Annotated section 40-35-117 states, "Unless prohibited by the United States or Tennessee constitution, any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, shall be sentenced under the provisions of this chapter." Tenn.Code Ann. § 40-35-117(b).

The Sentencing Commission Comments following Tennessee Code Annotated section 40-35-117 state "[b]ecause of the ex post facto provisions of the Tennessee and United States constitutions, a defendant sentenced after November 1, 1989, for an offense committed between July 1, 1982, and November 1, 1989, may not receive a greater punishment than he would have received under the prior law."

Goodwin, 909 S.W.2d at 45.

On remand, the trial court considered both sentencing acts, but determined that, because the 1989 act contains sentence enhancement factors that are not present in the 1982 act, their use could subject the Defendant to punishment in violation of the ex post facto provisions. See Tenn. Code Ann. § 40-35-114; Tenn. Code Ann. § 40-35-111 (repealed).[2] Our supreme court has held that the trial court must compute the Defendant's sentences under both the 1989 sentencing act and the pre-1989 sentencing act in this situation. State v. Pearson, 858 S.W.2d 879, 884 (Tenn.1993). Rather than considering specific elements used in calculating a sentence, the trial court "must calculate the appropriate sentence[s] under both the 1982 statute and the 1989 statute, in their entirety, and then impose the lesser sentence of the two." Id.

Under the 1982 act, the sentence for assault with intent to commit rape for a Range I offender is 2 to 6 years and for a Range II offender is 6 to 10 years.

---

[2] The 1982 act provides for ten (10) enhancement factors under § 40-35-111. The current version of the 1989 act under § 40-35-114 contains twenty-one (21) enhancement factors.

Tenn. Code Ann. § 39-2-608(a); §§ 40-35-109(a), (b) (repealed). Second-degree burglary carries 3 to 9 years for a Range I offender and 9 to 15 years for Range II. Tenn. Code Ann. § 39-3-403(b)(1); § 40-35-109(a), (b) (repealed). Under the 1989 act, assault with intent to commit rape is a Class C felony and has a sentence of 3 to 6 years for a range I offender and 6 to 10 years for Range II. Tenn. Code Ann. § 40-35-118; § 40-35-111(b)(3); §§ 40-35-112(a)(3), (b)(3). Second-degree burglary is a Class C felony, punishable with 3 to 6 years for Range I and 6 to 10 years for Range II. Tenn. Code Ann. § 40-35-118; § 40-35-11(b)(3); §§ 40-35-112(a)(3), (b)(3).

We first consider the Defendant's sentences in accordance with the 1982 act. Under the act, a defendant must be sentenced as a Range II offender upon proof of an especially aggravated offense. Tenn. Code Ann. § 40-35-107; § 40-35-109(c) (repealed). An especially aggravated offense is " a felony resulting in death or bodily injury or involving the threat of death or bodily injury to another person where the defendant has previously been convicted of a felony that resulted in death or bodily injury." Tenn. Code Ann. § 40-35-107 (repealed). In the case at bar, the Defendant was convicted of burglary and rape in 1981. The victim submitted a statement of the incident in which the Defendant and two others stopped her car and robbed her. She stated that the Defendant hit her about the face and pulled her hair to force her to comply with his demands, then forcibly raped her in the car. The investigating officer testified that he observed red marks on the victim's face. The trial court found this to be sufficient proof of bodily injury in the previous incident. Indeed, bodily injury may include "a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness or impairment of the function of a bodily member, organ or mental faculty." Tenn. Code Ann. § 40-

35-107(5)(A) (repealed). We believe the red marks on the victim's face suffice to show she sustained bodily injury when the Defendant hit her. See State v. Walter R. Callahan, C.C.A. No. 03C01-9303-CR-00085, Hamilton County (Tenn. Crim. App., Knoxville, June 27, 1994).

As for the current convictions, the victim testified that she sustained scratches on her back in the form of red marks where the Defendant had forcibly pulled off her bra. Again, we agree with the trial court that this constitutes bodily injury. See State v. Locke, 771 S.W.2d 132, 135 (Tenn. Crim. App. 1988). Therefore, this amply supports the finding that the attempted rape was an especially aggravated offense meriting the imposition of Range II sentencing. Accordingly, Range II sentencing of 6 to 10 years for the assault with intent to commit rape and 9 to 15 years for the burglary conviction is appropriate.

We now consider the applicable enhancement factors. The trial court found no mitigating factors and the Defendant is not challenging this conclusion. The trial court applied two enhancement factors to each offense; factor (10), that the defendant had no hesitation about committing a crime where the risk to human life was high, and factor (6) the personal injuries inflicted upon or the amount of damage to property sustained by the victim was particularly great. Tenn. Code Ann. §§ 40-35-111(6), (10) (repealed).

Regarding factor (6), there is evidence that the victim underwent emotional trauma and engaged in ongoing counseling beginning shortly after the incident. "Personal injury" as expressed in enhancement factor (6) encompasses emotional and psychological injuries as well as physical injuries sustained by the

victim. State v. Hoyt, 928 S.W.2d 935, 948 (Tenn. Crim. App. 1995); State v. Melvin, 913 S.W.2d 195 (Tenn. Crim. App. 1995)(citing State v. Smith, 891 S.W.2d 922 (Tenn. Crim. App. 1994)). However, before this factor may be applied, the State has the burden of establishing that the emotional injuries and psychological scarring are "particularly great." Id. Here, there is testimony in the record that the victim's life was severely disrupted. She was unable to return to live in her home because of the incident and later sold the house because of her emotional impairment. We believe that such severe consequences for the victim constituted injuries that were "particularly great." See State v. Williams, 920 S.W.2d 247, 259-60 (Tenn. Crim. App. 1995). The trial court properly applied this enhancement factor to both the burglary and attempted rape convictions.

Next, the trial court applied enhancement factor (10), that the defendant had no hesitation about committing a crime when the risk to human life was high. The Defendant followed the victim from thirty to fifty miles from her place of business in Brentwood to her home in Hendersonville. He observed the victim enter her home and he entered the house knowing she, and possibly others, were inside. This has been sufficient proof to enhance a burglary conviction using factor (10). See State v. Jimmy Ray Potter, C.C.A. No. 01C01-9301-CC-00021, Fentress County, (Tenn. Crim. App, Nashville, Mar. 17, 1994); cf. State v. Avery, 818 S.W.2d 365, 369 (Tenn. Crim. App. 1991). In addition, we also find this factor applicable to the attempted rape. Even though the victim informed the Defendant that her husband would arrive, which he did, the Defendant ignored this and continued to pursue the assault upon the victim. There was a great risk that a confrontation and injuries could have resulted. Therefore, factor (10) was appropriately applied.

The Defendant is subject to a 6 to 10 year sentence for the attempted rape and 9 to 15 years for second-degree burglary. The trial court sentenced him to nine years for each offense based on classifying the Defendant as a Range II offender. We agree that the record supports the imposition of nine years for the attempted rape and burglary convictions as a Range II offender because the Defendant can be classified as an especially aggravated offender.

Yet, this does not end our inquiry. We must also consider the sentences under the 1989 sentencing act. In order to establish the Defendant as a Range II offender, the State must prove him to be a multiple offender. Tenn. Code Ann. § 40-35-106. This requires that a defendant have "[a] minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes." Tenn. Code Ann. § 40-35-106(a)(1). However, "[c]onvictions for multiple felonies committed as part of a single course of conduct within twenty-four (24) hours, constitute one (1) conviction for the purpose of determining prior convictions; however, acts resulting in bodily injury or threatened bodily injury to the victim or victims shall not be construed to be a single course of conduct." Tenn. Code Ann. § 40-35-106.

The Defendant was convicted in 1981 of rape, a Class B felony, and robbery, a Class C felony. See Tenn. Code Ann. § 40-35-118 (classification of prior felony offenses). Both occurred during the same course of conduct, but the rape involved bodily injury, which would ordinarily satisfy a finding that the Defendant is a multiple offender. However, this Court has held that the twenty-four hour merger rule exception requires "more than one previous act involving

bodily injury or threatened bodily injury." State v. Horton, 880 S.W.2d 732, 736 (Tenn. Crim. App. 1994). We believe that in addition to the bodily injury suffered by the victim during the rape, there was a threat of bodily injury in perpetration of the robbery. The victim was driving her car when the Defendant and his accomplices approached in their vehicle. They bumped the victim's car several times, then blocked the road to make her stop. Intentionally colliding with another vehicle from behind and forcing a confrontation by blocking the road provides a distinct threat of bodily injury. Therefore, we agree that the Defendant may properly be classified as a Range II offender. This subjects him to a sentence of 6 to 10 years each for the burglary and attempted rape. We have discussed two enhancement factors, which also exist under the 1989 act, and we conclude that they are applicable to the offenses in question. As a result, we find the record supports sentences of nine years for each conviction.

Our calculations of both the 1982 and 1989 sentencing acts reveal that the trial court was permitted to sentence under the 1989 act without implicating the ex post facto provisions. We note that the appropriate sentence range for the assault with intent to commit rape as a Range II offender is 6 to 10 years under both acts. However, second-degree burglary carries a 9 to 15 year sentence as Range II under the 1982 and 6 to 10 years as Range II under the 1989 act. Thus, because the Defendant is not exposed to a greater punishment under the 1989 provisions, sentencing under this act is required. Tenn.Code Ann. § 40-35-117(b). Therefore, we conclude that, although the trial judge erred by sentencing the Defendant under the 1982, the error was harmless. The nine-year sentences were within the sentencing range under the 1989 act and are

supported by the record. Therefore, we affirm the sentence imposed by the trial court.

In a related issue, the Defendant asserts that the trial court erred by basing its resentencing decision upon proof basically the same as that offered in the previous sentencing hearing. He notes that this Court vacated that previous sentence. However, we remanded because the trial court (1) did not compare the 1982 and 1989 sentencing acts; and (2) did not adequately place on the record the basis for enhancing the Defendant's sentence and for imposing consecutive sentences. This does not equate with the proof being insufficient to support the trial court's decisions, but that the record was insufficient to allow review of the sentence. However, we do acknowledge the Defendant's argument that the trial judge on resentencing found fewer enhancement factors but sentenced him to an increased sentence. He contends that a presumption of vindictiveness may arise when the same sentencing authority imposes a higher sentence on remand from a successful appeal, thus implicating due process concerns. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Russell, 800 S.W.2d 169, 174 (Tenn. 1990). Our supreme court has addressed the vindictiveness issue, citing Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989):

> As we explained in Texas v. McCullough, "the evil the [Pearce] Court sought to prevent" was not the imposition of "enlarged sentences after a new trial" but "vindictiveness of a sentencing judge." . . . Such circumstances are those in which there is a "reasonable likelihood," that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.

Russell, 800 S.W.2d at 174. (citations omitted).

-13-

In the case sub judice, a reasonable likelihood that Judge Wheatcraft, upon resentencing this case, had a vindictive motive is not evident. We note first that a different judge, Judge Kelly, presided at the original sentencing hearing, and thus, any risk of vindictiveness by that trial judge being confronted by resentencing is nonexistent. Absent evidence that a likelihood of vindictiveness is present by Judge Wheatcraft, the Defendant must demonstrate actual vindictiveness. A trial judge is vested with discretion when fixing a sentence for an offense and when a different judge presides in a new proceeding, differing results may reasonably occur. We find nothing in the record that suggests actual vindictiveness from the trial judge presiding at the resentencing hearing. Thus, we cannot conclude that the Defendant's due process rights have been violated. This issue is without merit.

Finally, the Defendant argues that the trial court erred in sentencing him to consecutive terms. The trial court found that the Defendant was a dangerous offender, which requires that an offender's "behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4). Beyond this, it must be shown that "an extended sentence is necessary to protect the public against further criminal conduct by the defendant and that the consecutive sentences must reasonably relate to the severity of the offenses committed." State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995); see State v. Taylor, 739 S.W.2d 227, 230 (Tenn. 1987); Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976).

The trial court found that the Defendant was a dangerous offender, stating that he had a history of mental illness and hospitalizations, a history of violence

-14-

such as beating people up, and admits he is full of rage. The trial judge also noted that the Defendant lied to others and lied to the court about his education. He demonstrated no remorse for the offenses committed in 1981 and 1989 and showed little chance of rehabilitation. He had a poor military and employment record, never holding down a job for long and also being terminated from his last job for inappropriate behavior toward a female employee.

The trial court also found that the circumstances of the offense were aggravated because the Defendant premeditated the crime by following the victim across the Nashville area to her home in a remote subdivision. In addition, when he was arrested, he had a "hit list" of ten women, some with asterisks by their names, and he could not substantiate a legitimate purpose for such a list. The trial judge also found the mental anguish suffered by the victim aggravated the offense. As a result, she determined that the sentences imposed reasonably related to the seriousness of the offenses and that the previous factors demonstrated that society needed to be protected from the Defendant's behavior.

We believe that the trial court carefully considered the attendant facts in addition to proof of the dangerousness of the Defendant's behavior and that they justify a need to protect society from his future actions. Therefore, we cannot conclude that the trial court erred in consecutively sentencing the Defendant.

Accordingly, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
JOE G. RILEY, JUDGE